961 F.2d 221
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order
 UNITED STATES of America, Plaintiff-Appellee,
v.
Antonio PORTILLO-GARCIA, Defendant-Appellant.
 No. 91-4086.
 United States Court of Appeals, Tenth Circuit.
 April 17, 1992.
 
 Before JOHN P. MOORE, TACHA and BRORBY, Circuit Judges.
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Antonio Portillo-Garcia appeals his sentence from a plea of guilty to the crime of illegal reentry, 8 U.S.C. § 1326. Defendant contends the trial court erred by not affording him a two level reduction for acceptance of responsibility and by giving him a two level enhancement for committing the offense while under a prior sentence. Concluding the decision to deny the reduction is not clearly erroneous and that the appellant did not preserve the remaining issue for appeal, we affirm.
 
 
 3
 The facts are simple and not disputed. Mr. Portillo-Garcia was discovered in the Salt Lake County jail by officers of the Immigration and Naturalization Service. An INS check revealed defendant had been deported in July, 1990, following a state court felony conviction. A state court warrant for violating the terms of the probation emanating from that conviction had issued and was pending at the time of defendant's reentry.
 
 
 4
 At the time of sentencing, defendant told the court:
 
 
 5
 I didn't know that it was such a crime to come over here. I came here to look for a job at a ranch. And if I couldn't get one I was going to return back to Mexico. I have no papers, legal papers, and I don't speak English. And I was ready to go back to Mexico. And the police just arrested me for being illegal. For nothing.
 
 
 6
 Defendant's counsel argued that the court should award a two point reduction for acceptance of responsibility because Mr. Portillo-Garcia made a "straight-forward" admission of his guilt. Counsel contended, "I don't think that there's much more than can be done to demonstrate an acceptance of responsibility than to be candid about it." The trial court disagreed.
 
 
 7
 Drawing upon prior experience as a measuring device, the court concluded defendant really did not accept responsibility for his illegal reentry. The judge added, "I can recognize a Defendant who's bound and determined to keep coming back any way he can and somehow accomplish what he feels is true justice...."
 
 
 8
 Defense counsel also made what he termed an "equitable" argument against imposition of a two level increase in the criminal history calculus. He contended the government was effectively responsible for defendant's violation of his state probation; therefore, it would not be "equitable" to impose an increased burden on the defendant. No attempt was made to show the state court warrant was invalid or withdrawn at the time of defendant's reentry, nor was it disputed that the sentence of probation was valid and unsatisfied at the time.
 
 
 9
 The district court refused to accept defendant's theory of equity. The court noted, "[defendant] was under the jurisdiction of the Third District Court as of March 2, '87, and that's the reason why I think that the two level is merited."
 
 
 10
 The district court refused to accept defendant's theory of equity. The court noted, "[defendant] was under the jurisdiction of the Third District Court as of March 2, '87, and that's the reason why I think that the two level is merited."
 
 
 11
 The district court's decision to deny the two level reduction for acceptance of responsibility is reviewed upon a clearly erroneous standard. United States v. Dennison, 937 F.2d 559 (10th Cir.1991), cert. denied, 112 S.Ct. 886 (1992). Our examination of the record fails to disclose such an abuse.
 
 
 12
 Defendant argues the district court based its determination upon his pre-arrest conduct, interpreting the court's remarks to apply only to the occasions upon which defendant had been deported without charge. We do not view the record so narrowly.
 
 
 13
 We believe the record indicates the district court assessed all the circumstances, including defendant's in-court statements, and concluded defendant was not remorseful and would illegally reenter again to suit his own purposes. While that assessment included defendant's past and present conduct as well as his manifestation of intent for the future, it is not without foundation or facts. The trial judge is in the best position to judge the true measure of a defendant's acceptance of responsibility, and the judge's determination is entitled to "great deference." Dennison, 937 F.2d at 559; U.S.S.G. § 3E1.1, note 5.
 
 
 14
 On appeal, defendant has abandoned his "equitable" argument against imposition of the two point increase in his criminal history. He now contends the district court failed to rule on the validity of his state probation.
 
 
 15
 Commission of a crime while under a sentence of probation requires a two point enhancement in criminal history under U.S.S.G. § 4A1.1(d). Because defendant did not contest the viability of the state probation during the sentence hearing, arguing merely its application to this case was unjust, no record was made about the underlying facts.
 
 
 16
 The only record before us is the presentence report which sets forth the defendant's state court conviction and probation sentence, reporting "[a] probation violation warrant for this offense was issued on August 20, 1987 and again on January 9, 1991. The warrant remains outstanding." That report was not contested during sentencing and appears to have been the factual predicate for the trial court's denial of defendant's criminal history plea.
 
 
 17
 Because defendant did not challenge this report, the trial court was not called upon to make a finding of whether it was factually accurate, or whether the state probation judgment existed at the time of his illegal reentry. At this point, defendant's argument of what might have been is mere speculation. We therefore will not consider the issue on appeal.
 
 
 18
 AFFIRMED. The mandate shall issue forthwith.
 
 
 19
 ---------------
 
 
 
 * This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3.